SOUTHERN PACIFIC COMPANY v. J. PORTER BENDER.

Decided July 6, 1900.

**Railway Company—Ejecting Trespasser from Train—Assault—Charge.**

Where a trespasser riding on top of a freight car was assaulted by the conductor while attempting to get off in obedience to the conductor's order, and there was no evidence showing that he was trying to break into the car, it was not error of which defendant could complain to instruct that though plaintiff was on the car without right and attempting to break into it, yet if the conductor used more force than was necessary to eject him and keep him from breaking into the car, the defendant company would be responsible for the damages resulting to plaintiff from the assault.

APPEAL from El Paso.   Tried below before Hon. A. M. WALTHALL.

*Beall & Kemp,* for appellant.

*Patterson & Buckler,* for appellee.

FLY, ASSOCIATE JUSTICE.—This suit was instituted by appellee to recover damages sustained by violence inflicted upon his person by a conductor of appellant while evicting him from a car on which he was a trespasser.   The cause was tried by jury, and resulted in a verdict and judgment for appellee in the sum of $4000.

Appellee had concealed himself on the brace-rods of a refrigerator car to obtain a ride from Deming, New Mexico, to El Paso, Texas, and when the car had reached a point about eighteen miles east of Deming, he crawled from under the car on account of being very cold, and got

on top of the car to see if he could find an opening by which he could enter it, and while on top of the car he was approached by the conductor of the train and ordered to get off. This he was proceeding to do, when he was struck on the head with a pistol by the conductor and knocked off the car, sustaining serious and permanent injuries. He was not attempting any resistance or using any provoking language to the conductor when he was struck, but was using his utmost endeavor to get off the car.

The court in the second paragraph of the charge instructed the jury as follows: "If you believe from the evidence that on said 2d day of February, 1898, the said C. W. Burns was in charge of one of defendant's freight trains, as conductor, and the plaintiff, without right, was on said freight train, and if you further believe from the evidence that the said C. W. Burns struck the plaintiff with a pistol and knocked him off of said car, but that at the time he did so the plaintiff was attempting to break into one of the refrigerator cars on the defendant's train, and was done for the purpose of preventing the plaintiff from breaking into said refrigerator car, and to force him to leave the train, and that in doing so the said C. W. Burns, if he did so strike the plaintiff, used no more force than was necessary to compel the plaintiff to desist from breaking into said refrigerator car, and to require him to leave said car, then the defendant would not be liable; but, if you should believe that the plaintiff was on said car without right, and was attempting to break into one of the refrigerator cars in said train, and that the said C. W. Burns, acting as such conductor, struck the plaintiff over the head with a pistol, knocking him from said train, and that in doing so he used more force than was necessary to eject the plaintiff from the train, and to compel him to refrain from breaking into said refrigerator car, then the defendant would be responsible for the damage sustained by the plaintiff, although you may believe from the evidence that at the time he was so assaulted, if he was assaulted, he was wrongfully on said train, and was attempting to break into said refrigerator car."

It is claimed by appellant that where the appellee with two others was on the train at night with the avowed intention of making a burglarious entry into a refrigerator car loaded with fruit, the employes were not required to calculate the exact amount of force necessary to eject the trespasser. There is no evidence that appellee with two others went on the train with avowed intention of burglariously entering a freight car, and appellee, while admitting that he had gone on top of the car to get into it, says he was looking for an open hole through which to enter. According to the language put into the mouth of appellee by the witness Allgood, he was running when struck. The charge is more favorable to appellant than it should have been, in presenting an issue as to force used in preventing a burglary when the evidence fails to establish that a burglary was being attempted when the blow was struck.

Appellee was a trespasser upon the train, and the conductor was authorized to use such force as was necessary to make him leave the car,

and if appellee was leaving the car when struck, the blow was an assault, and appellant would be liable in damages for the illegal act of its employe.   Southern Pacific v. Kennedy, 9 Texas Civ. App., 232; Railway v. Zantzinger, 92 Texas, 365.   In the last named case it is said: "If the servants of the appellant company purposely threw the hot water upon Campbell, it was an intentional and not a negligent wrong.   The fact that he was a trespasser upon the train did not justify the engineer's conduct.   The latter had the right to remove him, and for that purpose to put his hands upon him, and to use such force as was necessary to accomplish that end.   But the means adopted resulted in an assault."

The special charges requested were predicated upon a state of facts not borne out by the evidence.   There was not a particle of evidence tending to show that appellee was struck while engaged in an attempt to burglariously enter a car.

The question of whether the assault was committed by the conductor in charge of the train, or by a brakeman with no authority to eject trespassers, was submitted as an issue of fact to the jury, and there was testimony to sustain the finding that the conductor committed the assault.

There is no error in the judgment and it is affirmed.

*Affirmed.*